IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDI'S HOPE COMMUNITY
SERVICES, LLC, and DANNY O. COWART                                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:18-CV-00022-NBB-RP

ANDY GRAF, SHERYL GRAF, THE GROVE
SUBDIVISION HOMEOWNERS ASSOCIATION, LLC,
and JANE-JOHN DOES 1-XXXIV                                            DEFENDANTS

OPINION

Presently before the court is Defendants' motion to dismiss, or in the alternative, for a stay. Upon due consideration of the motion, response, complaint and applicable authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff Brandi's Hope Community Services, LLC ("Brandi's Hope"), is a business that provides support services to persons with intellectual, developmental or other disabilities. Among those services provided are residential support services whereby Brandi's Hope helps those disabled individuals obtain private housing.

Relevant to this action, Brandi's Hope leased from Scioto Properties a residence located at 5145 Lackey Lane, Tupelo, Mississippi. In turn, Brandi's Hope sub-leased the property to four unrelated disabled adults to whom Brandi's Hope provides additional support services, which were not identified in the complaint.

The residence is located within the Grove Subdivision which is governed by certain Protective Covenants. Specifically, the covenants provide that the residences "shall be used for residence purposes only," and further that "all commercial and professional uses" shall be prohibited.

On or before September 29, 2017, Defendants Andy and Sheryl Graf allegedly learned that the property was going to be occupied by disabled individuals. On October 7, 2017, the disabled individuals began to move into the residence. Andy Graf subsequently formed a Mississippi LLC named "The Grove Subdivision Homeowners Association LLC" on October 11, 2017. Further, the Grafs allegedly went door-to-door in the neighborhood to gather signatures for their "Petition against commercial use at property 5145 Lackey Lane, Tupelo."

On October 12, 2017, a man identified as Eric Hampton allegedly banged loudly on the residence door, accused the individuals of occupying the home illegally, and advised them to go live somewhere else. Several days later, on October 17, 2017, an unidentified male allegedly parked directly across the street from the residence and took photos and videos of the individuals entering the residence.

Further, on October 17, 2017, Defendants Andy and Sheryl Graf and the LLC filed a complaint in the Chancery Court of Lee County, seeking both declaratory and injunctive relief. In that action, Defendants allege that the disabled individuals' occupancy of the residence violates the aforementioned covenants. In particular, Defendants contend that the acts of leasing and subleasing the residence and providing support services to those individuals at the residence are commercial or professional uses.

Plaintiffs Brandi's Hope and Danny Cowart, owner and operator of Brandi's Hope, filed the instant action on February 6, 2018, and assert that Defendants' alleged actions constitute violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§3601 et seq.. Among other things, Plaintiffs allege that Defendants' filing of the chancery suit, in and of itself, is an FHA violation. Defendants now move to dismiss, or in the alternative, for a stay based upon doctrines of abstention.

Analysis

In moving to dismiss, or in the alternative, for a stay, Defendants argue that abstention is warranted under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).[1] When plaintiffs seek monetary relief, as they do in the instant case, "courts in this jurisdiction use the *Colorado River* standard to determine whether a stay of the federal proceedings is warranted." *Hampton v. Tunica Cty Bd. of Supervisors*, 2009 WL 902043, *5 (N.D. Miss. Mar. 31, 2009) (citing *Transocean Offshore USA, Inc. v. Catrette*, 239 F. App'x 9, 11 (5th Cir. 2007)).

Such abstention rests upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 816, 817. *Colorado River* abstention applies "to parallel federal and state court actions which are not necessarily identical but involve substantially the same issues and parties." *Rogers Group, Inc. v. WG Constr. Co.*, 2012 WL 2367702 (N.D. Miss. June 21, 2012) (citing *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)).

If the two proceedings are found to be sufficiently parallel, the court then considers the following six factors: (1) the assumption of jurisdiction over any real property by either court; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) to what extent does federal law control; and (6) the adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction. *Stewart*, 438 F.3d at 492. No one factor is determinative, and the court must carefully consider

---

[1] Defendants additionally argue that the court should abstain under *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) and *Younger v. Harris*, 401 U.S. 37 (1971). The court, however, declines to address these arguments because it finds that abstention under *Colorado River* is appropriate in the instant case.

3

both the obligation to exercise jurisdiction and the combination of factors counselling in favor of postponement of that exercise. *Colorado River*, 424 U.S. at 818-819.

The pending chancery court matter was initiated by Defendants in this action against Scioto Properties, the City of Tupelo, and Brandi's Hope. Although Scioto and the City of Tupelo are not named parties in the instant suit, Plaintiffs have identified them in their complaint and they are clearly relevant entities in this action. Further, the issues raised in the chancery court matter concern the same property and residents as those in the case. In fact, one of the issues raised by Plaintiffs in this case is whether Defendants' act of filing the chancery court suit, by itself, violates the FHA.

Moreover, at the crux of these two actions are the questions of whether the Grove's protective covenants forbid this type of residency and, if so, whether enforcement of the covenants, rather than providing a reasonable accommodation, violates the FHA. The court is mindful that some issues raised in the chancery matter are not raised here, and vice versa. But *Colorado River* requires only that the parties and issues be "substantially the same," not that they be identical. *Rogers Group*, 2012 WL 2367702 at *1 (citing *Stewart*, 438 F.3d at 491). Thus, the court finds that the two proceedings involve substantially the same issues and parties sufficient to constitute "parallel actions" under *Colorado River*.

The court now addresses the factors articulated above. The chancery court has assumed jurisdiction over the relevant property. Further, the chancery court is certainly a more convenient forum given that the residence is located in Lee County. It cannot be disputed that the chancery court's findings regarding the interpretation and application of the covenants are relevant to the instant FHA claims. In fact, the very filing of the chancery court action is an

alleged FHA violation in this case. Thus, piecemeal litigation could be avoided by waiting until the chancery matter has concluded.

Additionally, Defendants initiated the chancery suit months before the instant action was commenced. While federal law does control the merits of the instant case, the chancery matter will be resolved purely by application of state law. Further, Plaintiffs could have filed an FHA counterclaim in the chancery court action. Moreover, Plaintiffs have requested their attorney fees expended in the chancery court litigation as damages in this case. Such damages, however, could not be reasonably calculated until after that action is concluded.

In sum, in considering the relevant factors and looking to the totality of the circumstances, the court finds that abstention under *Colorado River* is appropriate. The court emphasizes, however, that abstention "does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise." *Pietzsch v. Mattox*, 719 F.2d 129, 132 (5th Cir. 1983) (citing *Ziegler v. Ziegler*, 632 F.2d 535, 538 (5th Cir. 1980)). Accordingly, the court finds that a stay of the instant FHA action, rather than a dismissal, is warranted.

<u>Conclusion</u>

Based on the foregoing discussion, the court finds that Defendants' motion to dismiss should be denied, but that Defendants' motion for a stay is well-taken and should be granted. The court, therefore, finds that the instant action should be stayed until the pending chancery court matter has been resolved. A separate order in accord with this opinion shall issue this day.

This, the 20th day of July, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**